# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2014

## BRIAN BRAWNER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-12-240      Roy B. Morgan, Jr., Judge**

---

**No. W2013-00933-CCA-R3-PC  - Filed March 19, 2014**

---

The petitioner, Brian Brawner, appeals the denial of his petition for post-conviction relief. The petitioner was convicted of facilitation of attempted first degree premeditated murder, aggravated assault, and especially aggravated kidnapping. The conviction for aggravated assault was merged into the conviction for facilitation of attempted first degree premeditated murder. On appeal he contends that the post-conviction court erroneously denied his petition because he was denied the right to effective assistance of counsel when trial counsel failed to file a notice of alibi and failed to preserve the testimony of a witness for appeal. Following a review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Lee R. Sparks, Jackson, Tennessee, for the appellant, Brian Brawner.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### Procedural History

On the night of November 2, 2009, the petitioner and his two co-defendants were at the apartment residence of the victim. The petitioner and a co-defendant grabbed the victim from his porch, severely beat him, and carried him into the apartment. In the apartment a

second co-defendant poured rubbing alcohol on the victim and set him on fire. The petitioner, along with his co-defendants, then beat and kicked the victim as the victim attempted to put out the flames. The defendants confined the victim to various locations about his residence until the next morning. *State v. Brawner et al.*, No. W2010-02951-CCA-R3-CD, 2012 WL 1572212 at *1 (Tenn. Crim. App. May 3, 2012).

The petitioner was convicted of facilitation of attempted first degree murder, especially aggravated kidnapping, and aggravated assault. He received an effective sentence of thirty years. On direct appeal this court concluded that the evidence was sufficient to support his convictions for facilitation of attempted first degree murder and especially aggravated kidnapping. *See State v. Brawner*, No. W2010-02951-CCA-R3-CD, 2012 WL 1572212 at *1 (Tenn. Crim. App. May 3, 2012).

The petitioner filed a motion for post-conviction relief alleging ineffective assistance of counsel. In his post-conviction petition, the petitioner argues that the performance of his trial counsel was deficient and prejudicial. All of his arguments revolve around his assertion that trial counsel should have used Liz Tamika McIntosh as an alibi witness. As specific allegations of error, he contends that counsel failed to provide notice of an alibi witness to the State and failed to preserve the record of a witness' testimony for appeal.

Petitioner testified at his post-conviction hearing that he discussed with trial counsel the potential for an alibi witness, specifics about the witness, and her potential testimony. He further stated that counsel said he would subpoena Ms. McIntosh and that he assumed

trial counsel did so because Ms. McIntosh "showed up" at trial.

On cross-examination, the petitioner confirmed that he testified at trial that he was at the victim's residence when the victim was taken to the garage apartment, when the victim was set on fire, and shortly after the victim was set on fire. He also testified at trial that he later went to the house of Liz McIntosh before later returning to the residence of the victim where he fell asleep.

Trial counsel testified at the post-conviction hearing that the petitioner's testimony during trial was consistent with what the petitioner had communicated to him leading up to trial. Trial counsel stated that the victim testified at trial that the petitioner never left the victim's residence at any time. Trial counsel further testified that Liz McIntosh approached him in the hallway after the victim testified. Ms. McIntosh made trial counsel aware that the petitioner had arrived at her residence shortly after midnight on November 2, 2009. Trial counsel stated that he knew who Ms. McIntosh was but was not aware of the substance of her testimony until she approached him after the trial had commenced. Trial counsel testified that, after consulting with the two attorneys for the petitioner's co-defendants, he decided to use Ms. McIntosh as an impeachment witness because her testimony contradicted the testimony of the victim. At trial, Ms. McIntosh testified that the petitioner and several other individuals arrived at her residence shortly after midnight on November 2, 2009, and that they had a party that lasted until the morning.

Trial counsel testified at the post-conviction hearing that, because the petitioner

admitted he was at the victim's residence before and after the incident occurred, trial counsel did not intend to use the petitioner's absence to attempt to show that he could not have committed the crimes. Rather, trial counsel intended to use petitioner's absence only to indicate that the victim had a choice to leave his residence as well and was not held there against his will, as well as for impeachment of the victim.

At trial, the court ultimately ordered the testimony of Ms. McIntosh stricken because it would constitute an alibi defense, and trial counsel had not filed a Notice of Alibi. The trial court noted that while the testimony did have potential impeachment purposes, it primarily served to function as an alibi defense. After the trial court struck the testimony of Ms. McIntosh, trial counsel did not request to make an offer of proof and preserve Ms. McIntosh's testimony.

At the post-conviction hearing, trial counsel testified that he did not file notice of an alibi witness because he was not aware such a witness existed until after trial commenced and was, thus, not aware of the need to file the notice. Trial counsel stated that he knew who Ms. McIntosh was, but that he did not have any idea as to the substance of her testimony until she approached him during the trial.

Michael Mosier, an attorney for one of petitioner's co-defendants, testified at the post-conviction hearing as an expert witness in the practice of criminal law. Mr. Mosier testified on direct examination that in his opinion, trial counsel's failure to file either a notice of alibi or preserve the record for appeal fell below the norms of professional

practice for a criminal trial attorney. On cross-examination, Mr. Mosier testified his performance also would have been deficient if he had been aware of the substance of Ms. McIntosh's anticipated testimony and did not file a notice of alibi on behalf of his client. Mr. Mosier did not file a notice of an alibi defense in this case.

Mr. Mosier testified that the petitioner's absence "conceivably could have been an alibi as to perhaps offenses that had been completed." He agreed that the victim's testimony that he suffered serious bodily injury after the petitioner took him into his residence and held him there against his will would be sufficient to constituted especially aggravated kidnapping if a jury believed the victim. He further agreed that even if there was testimony demonstrating that the petitioner left the victim's residence and returned that sufficient proof of aggravated kidnapping still existed.

No other proof was presented. In its findings, the post-conviction court stated that both trial counsel and Mr. Mosier disclosed at some point that they were not made aware of the substance of Ms. McIntosh's testimony before trial. The post-conviction court accredited the testimony of trial counsel that he was never told about Ms. McIntosh's testimony until after the commencement of trial. The court further found that trial counsel did not receive notice from the petitioner to file an alibi defense. The post-conviction court also found that the burden of proof in this case was "overwhelming" and expressed doubt as to whether presenting proof of the petitioner's absence would have affected the outcome of the trial in light of the testimony by the petitioner and his co-

defendants.   As a result, the post-conviction court concluded that the petitioner had not proved by clear and convincing evidence that trial counsel failed to provide him with adequate representation, and that no prejudice was shown.

**Analysis**

A petitioner may obtain post-conviction relief from a conviction when it is void or voidable due to the denial of a right under the Tennessee Constitution or the Constitution of the United States.  T.C.A. § 40-30-103 (2010); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004).  The petitioner must prove the allegations in the petition by a standard of clear and convincing evidence.  T.C.A. § 40-30-110(f); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009).  This standard is met when "there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence."  *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).  Appellate courts are "bound by the trial judge's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in the case." *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Courts review a trial court's application of the law to the facts under a de novo standard of review with no presumption of correctness.  *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).  Courts also apply de novo review when there are mixed questions of law and fact.  *Id.*  A claim of ineffective assistance of counsel raises a mixed question of law and fact. *Fields v. State*, 40 S.W.3d 450, 455 (Tenn. 2001); *Burns*, 6 S.W.3d at 461.  Therefore, this

court reviews the trial court's factual findings de novo with a presumption of correctness unless the evidence preponderates against the trial court's findings. *Grindstaff*, 297 S.W.3d at 16. The trial court's conclusions of law on the claim are reviewed under a purely de novo standard with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee the right to counsel. The right to counsel affords an individual the right to "reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases." *Burns*, 6 S.W.3d at 461. Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

A claim of ineffective assistance of counsel contains two components: 1) the petitioner must show that counsel's performance was deficient in some way, and 2) the deficiency actually prejudiced the defense. *Burns*, 6 S.W.3d at 461. To establish deficiency, the petitioner must show that counsel's errors were "so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996). The services of counsel must be "within the range of competency demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Courts evaluating the performance of an attorney "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Burns*, 6 S.W.3d at 462. In order to fairly assess counsel's conduct every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996).

In order to show that counsel's deficient performance prejudiced the defense, the petitioner "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008) (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Counsel's performance must be so deficient that it deprived petitioner of a fair trial and called into question the reliability of the outcome. *Id*. The petitioner must establish both components in order to succeed on his claim of ineffective assistance of counsel. *Goad*, 938 S.W.2d at 370. Failure to establish either component provides a court with sufficient basis to deny relief of the claim. *Id*. If the petitioner argues that counsel was deficient for failing to discover, interview, or present a witness in support of his defense, petitioner should present these witnesses at the post-conviction hearing. *Black*, 794 S.W.2d at 757. As a general rule, the testimony of the witness is the only way for petitioner to demonstrate that counsel's deficiency in failing to present the witness prejudiced petitioner's defense. *Id*.

**A. Failure to File Notice of Alibi Defense**

The petitioner first contends that trial counsel was ineffective for failing to file a timely notice of an alibi defense. The petitioner wished to have Liz McIntosh testify that the petitioner was at her residence for several hours on the night of the incident. The petitioner testified at trial that he left the victim's residence, went to Ms. McIntosh's residence, then returned to the victim's residence early in the morning. Petitioner testified at the post-conviction hearing that he discussed Ms. McIntosh and her potential testimony with trial counsel. However, trial counsel testified at the post-conviction hearing that he was not aware of the substance of Ms. McIntosh's testimony until she approached him after the trial had commenced. The post-conviction court stated that it could not fault trial counsel for failing to give notice of an alibi "when, in fact, the sworn testimony is that he wasn't told." The post-conviction court also relied on Mr. Mosier's testimony that he too was unaware of the substance of Ms. McIntosh's testimony in finding that petitioner failed to prove deficiency by clear and convincing evidence. The post-conviction court clearly accredited the testimony of trial counsel. It is not the function of this court to reweigh and reevaluate credibility determinations made by the trial court. *Fields v. State*, 40 S.W.3d 450, 455 (Tenn. 2001). Based upon this credibility determination, trial counsel cannot be deficient for failing to do what he was unaware of. As such, the evidence does not preponderate against the post-conviction court's determination that trial counsel was not deficient for failing to provide notice of an alibi. Accordingly, we conclude that the petitioner is not entitled to any relief

on this issue.

**B. Failure to Preserve Testimony for Appeal**

The petitioner next contends that counsel was ineffective for failing to preserve a record of Ms. McIntosh's testimony for appeal. After the trial court sustained the State's objection to Ms. McIntosh's testimony, trial counsel did not make an offer of proof to preserve the testimony.

The post-conviction court found that Ms. McIntosh "would have possibly testified that he [the petitioner] was gone for a short period of time . . . to some other location." However, based on the testimony of petitioner both at trial and at the post-conviction hearing, her testimony would not have indicated that petitioner was elsewhere when the incident occurred and therefore was not capable of committing the crimes he was charged with. The post-conviction court noted that the petitioner's testimony placed him at the victim's residence at the time the victim was taken to the back of his apartment, at the time the victim was set on fire, and after the victim had been set on fire. A review of the trial transcript shows that Ms. McIntosh's testimony only accounts for the petitioner's whereabouts for a time period after the incident occurred. The post-conviction court further found that "the burden of proof was overwhelming in this case" and that it was difficult to imagine how the testimony of Ms. McIntosh that the petitioner was gone for a limited time would have been able to outweigh the testimony of the petitioner and his co-defendants.

We agree. The substance of Ms. McIntosh's testimony was essentially the same as

that of the petitioner at trial.  Hearing the same statements likely would not have swayed the jury in light of the other overwhelming evidence of guilt.  Thus, had trial counsel preserved the testimony and issue for appeal, any resulting error possibly found would have been harmless.  Because of this, the petitioner has failed to establish the prejudice prong of his ineffective assistance of counsel claim.  No relief is warranted.

### Conclusion

Because the petitioner has failed to demonstrate deficient performance by trial counsel and prejudice, we conclude that the post-conviction court did not err by denying the petition for post-conviction relief and affirm the judgment of the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE